**Affirmed and Opinion filed August 1, 2017.**



In The

# Fourteenth Court of Appeals

## NO. 14-16-00346-CR
## NO. 14-16-00347-CR

### SAMUEL HERNANDEZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1413862 & 1413863**

## O P I N I O N

In this one-issue appeal we consider whether the trial court abused its discretion in denying the appellant's request under the rule of optional completeness to admit a videotape of an interview between a police officer and appellant. We conclude the trial court did not abuse its discretion and affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

An anonymous caller contacted the Child Protective Services (CPS) sexual-abuse hotline and provided a tip that the complainant, five-year-old Jane,[1] was being sexually abused. A CPS investigator spoke to Jane at her school. When Jane mentioned abuse, the CPS investigator stopped investigating and arranged for Jane to undergo a forensic interview at the child-assessment center. During the forensic interview Jane disclosed that her stepfather, appellant Samuel Hernandez, penetrated her sexual organ with his hand, penetrated her anus with his sexual organ, and penetrated her mouth with his sexual organ. Appellant and Jane's mother were called to the child-assessment center, and a police officer interviewed appellant. Appellant denied all of Jane's allegations.

Appellant was indicted for super aggravated sexual assault of a child under six years of age. In Cause No. 1413862, appellant was indicted for super aggravated assault of a child under six years of age for penetrating Jane's anus with his sexual organ. In Cause No.1413863, appellant was indicted for super aggravated sexual assault of a child under six years of age for causing Jane's mouth to touch his sexual organ. Appellant pleaded "not guilty" to both counts.

At trial, Officer Lee Donovan testified about the background in the case, including Jane's allegations at the child-assessment center. On cross-examination, defense counsel questioned Officer Donovan about appellant's interview at the child-assessment center. Officer Donovan did not conduct the interview, but he had watched a videotape of the interview. Defense counsel characterized the interviewer as aggressive and Officer Donovan testified in a way that supported

---

[1] To protect the privacy of the child-complainant, we identify her by the pseudonym "Jane."

2

defense counsel's characterization. Officer Donovan agreed that the police officer interviewing appellant screamed at appellant and Officer Donovan acknowledged that the tactics the interviewing officer used could intimidate witnesses and cause witnesses to make involuntary statements. On redirect examination, Officer Donovan, commenting on appellant's video demeanor, testified that appellant seemed unemotional. On re-cross examination, appellant sought to offer the videotape of the interview into evidence. The State objected that the evidence constituted hearsay and the trial court sustained the objection.

The forensic interviewer testified about Jane's detailed account of the events. Appellant testified and denied that any abuse occurred. The jury found appellant guilty as charged in Cause No. 1413863 and the jury found appellant guilty of indecency with a child in Cause No. 1413862. The trial court assessed punishment at thirty years' confinement in Cause No. 1413863 and eight years' confinement in Cause No. 1413862. The trial court ordered the sentences to run concurrently.

## ISSUE AND ANALYSIS

In a single appellate issue, appellant asserts that the trial court erred in excluding the videotape of appellant's interview with police officers because the video was admissible under the rule of optional completeness. *See* Tex. R. Evid. 107. At trial, Officer Donovan testified about the investigation. On cross-examination, Officer Donovan stated that he watched a videotape recording of the police interrogation of appellant. Defense counsel asked whether the manner in which an interrogation was conducted could influence a witness. Officer Donovan agreed with defense counsel that police officers could intimidate witnesses and coerce statements from them and that tricking and threatening suspects were bad police tactics. When questioned specifically about the actions of the police officers

interviewing appellant on the video recording, Officer Donovan agreed that the officer was screaming at appellant.

On redirect examination, the prosecutor asked Officer Donovan about appellant's demeanor during the interview and Officer Donovan testified that appellant was "[l]acking emotion, unresponsive. In a situation like this when an accusation is thrown out, you expect more emotion instead of just slouching and sitting and . . . causal responses." On re-cross examination, defense counsel offered the video recording[2] into evidence. The State objected and the following exchange occurred:

> [Prosecutor 1]: How are you going to offer the defendant's statement? I don't believe it comes in through the complete document rule in this case. We didn't discuss any of the specific things that he stated besides denying the allegations.
>
> [Prosecutor 2]: It is hearsay from the defendant's perspective. It is only the State that can offer it because it would be a statement against the defendant's interest or against a party opponent, and the defendant cannot offer his own statement. It is also a self-serving statement.
>
> . . .
>
> [Defense Counsel]: The statement has been – this officer was talking about these police officers, the impeachment of this officer. And I have not heard whether the police officer will testify to it or not, but this reflects they were screaming at him, the way they were treating him several times, so –
>
> . . .
>
> [Trial court]: [Defense counsel,] for what purpose are you offering this video?
>
> [Defense Counsel]: Several, Your Honor. One, the State – I avoided whatever the defendant said because I know that it would not be admissible. I am allowed to ask him questions about the demeanor of

---

[2] Defense counsel also offered into evidence a transcript of the video with defendant's statements transcribed in Spanish and translated into English, and the State urged the same objectoin.

4

the police officers, which is what I directed most of my direct . . . examination to. Once they got to the fact that this defendant denied it, once they got – again, it's – they used this police officer to bring the defendant's reaction to the time that he was told of the allegations and the fact that he – from this officer, the fact that he wasn't shocked or outraged, or whatever.

I think that the – so this officer has gotten into that area. This statement that he made that is recorded shows completely his whole demeanor the whole time as well. Again, he says he saw nothing wrong with the interrogation tactics that were used by these police officers. I've seen this tape. There was a lot of screaming that was being done at the defendant. At some point, this defendant tells him, 'Why are you screaming at me,' several times. So it impeaches.

Not only are they using the fact that he was not outraged or shocked as some sort of admission or complicity of guilt, they themselves, by asking that question, have brought this into question. His demeanor was the words I used. And the only way you're going to find out the demeanor is going to be his demeanor that is going to be reflected inside this interrogation.

[Trial court]: All right. That's one. What's two, if there is a two?

[Defense counsel]: Well, again, those are the two bases, the fact about his demeanor and the fact that – and again, it's impeachment of the –

[Trial court]: Okay. Thank you. . . . Did he deny everything?

. . .

[Defense counsel]: Yeah, the defendant denied the allegations, explained himself when they continued – I guess the proper defense word would be "dogging" him for that 48 hours as to the evidence that they had to explain why this child would be saying what the child –

. . .

[Trial court]: Okay. It may be tacky behavior, screaming and hollering at folks and things of that nature. However, there's no incriminating statement. And simply because he didn't show any emotion, that's not relevant for anything. So I'm going to deny, at this time, the introduction of that tape.

We presume for the sake of argument that appellant preserved error on his rule-of-optional-completeness complaint, embodied in Texas Rule of Evidence

5

107. We review a trial court's evidentiary ruling using the abuse-of-discretion standard. *Sauceda v. State*, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004). Appellant also argues that the video is admissible under an exception to a line of cases prohibiting self-serving statements. Even if this statement is true, the State objected to the evidence on hearsay grounds. So, for the evidence to be admissible, it must either fall under an exception to the rule against hearsay or be admissible under another rule of evidence. *See Walters v. State*, 247 S.W.3d 204, 218, 220 (Tex. Crim. App. 2007). Appellant argues that the evidence is admissible under Rule 107.

Entitled "Rule of Optional Completeness," Rule 107 provides:

If a party introduces part of an act, declaration, conversation, writing, or recorded statement, an adverse party may inquire into any other part on the same subject. An adverse party may also introduce any other act, declaration, conversation, writing or recorded statement that is necessary to explain or allow the trier of fact to fully understand the part offered by the opponent.

*See* Tex. R. Evid. 107. Rule 107 permits a party to introduce otherwise inadmissible evidence needed to explain fully and fairly a matter the adverse party introduced. *Credille v. State*, 925 S.W.2d 112, 116 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd). Rule 107's purpose is to reduce the possibility of the jury receiving a false impression from hearing only a part of some act, conversation, or writing. *Id.*

The State did not offer any part of the videotape recording into evidence, but a police officer testified that the officer watched the video and appellant appeared unemotional when the police officer disclosed the complainant's allegations. Appellant argues that the trial court should have admitted the videotape recording into evidence under Rule 107 because it shows appellant's demeanor.

Appellant did not assert at trial nor does he argue on appeal that the prosecutor's questions or Officer Donovan's responses could confuse the jury. Although in the trial court, defense counsel argued that the video would impeach Officer Donovan because it showed police officers screaming at appellant, Officer Donovan readily admitted that the police officer conducting the videotaped interview screamed at appellant. Officer Donovan even admitted that this type of interview tactic could lead to coerced statements.

The jury could not misapprehend appellant's videotaped statement to the police because the trial court did not admit any part of the videotaped interview into evidence. Officer Donovan testified about appellant's demeanor on the video, stating that appellant lacked emotion and seemed unresponsive. The video shows appellant answering questions while he sits in a chair, in a slightly reclined position with his arms crossed. Appellant occasionally shrugs his shoulders; he does not express shock or outrage. He does not cry. He does not raise his voice.

Officer Donovan's testimony established that appellant lacked emotion during the videotaped interview. Rather than impeaching the police officer's testimony, the videotape bolsters the officer's sworn statements. *See Saucedo*, 129 S.W.3d at 123–24. Though appellant argued that the jury should have been able to view appellant's video demeanor,[3] appellant did not identify any potential jury confusion that might result without a viewing. Appellant did not explain to the trial court how playing the videotape would more fully inform the jury. Appellant did not posit what different conclusion the jury might draw from viewing the videotape. Nor did appellant identify any reason the jury might reach a false impression without viewing the videotape. The record does not demonstrate that

---

[3] Appellant does not assert that the evidence is admissible under the best-evidence rule nor did appellant object on that basis in the trial court.

the video was necessary to explain the testimony the State offered or to enable the jury to gain a full understanding of it.

We conclude the trial court did not abuse its discretion in denying appellant's Rule 107 request to admit the videotape of his interview with the police officer. *See* Tex. R. Evid. 107; *Sauceda*, 129 S.W.3d at 123–24. We overrule appellant's sole issue and affirm the trial court's judgment.

/s/    Kem Thompson Frost
        Chief Justice

Panel consists of Chief Justice Frost and Justices Donovan and Wise.
Publish — TEX. R. APP. P. 47.2(b).